UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JACK DAVIDSON,

    Plaintiff,

v.

ANDREW SAUL, Commissioner of Social Security.

    Defendant.

No. C 19-07003 WHA

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

In this action seeking judicial review of an agency decision denying plaintiff's claim for Social Security disability benefits, defendant moves to dismiss. Because plaintiff's complaint is untimely, defendant's motion is **GRANTED**.

## STATEMENT

In March 2016, plaintiff Jack Davidson went to the Social Security Administration ("SSA") to file for disability insurance benefits and supplemental security income. The SSA denied plaintiff's claims, so plaintiff requested a hearing. After the hearing, an administrative law judge found that plaintiff did not qualify as "disabled" under Sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Plaintiff requested review of the decision from SSA's Appeals Council, which denied the request for review. On August 8, 2019, the SSA sent plaintiff a letter explaining that his request for review had been denied and that if he wanted to file a civil action challenging the decision, he had 60 days to do so. It also explained that the 60

days would begin upon plaintiff's receipt of the letter, presumed to be five days after August 8. Plaintiff's counsel apparently received the letter on August 16, which would have made the due date October 15. The letter made clear that if plaintiff needed additional time, he could request it in writing from the SSA but that such a request would only be granted for "good reason" (Dkt. No. 12-1 at 8, 18, 23–24, 27).

On October 24, nine days *after* the due date, plaintiff's counsel requested a 30-day extension from the SSA. In the request, counsel briefly explained that on August 15, one day before his office received the SSA's decision, "[t]he legal assistant charged with the responsibility to calendar all due dates" left the firm. Apparently, "the person who assumed this responsibility was not aware of the Appeals Counc[i]l decision" until after the deadline had passed. Counsel's letter did not include any other details. The SSA denied plaintiffs' request for an extension (*id*. at 27–28).

On October 25, plaintiff filed a complaint, seeking review of the SSA's conclusions. The complaint included no details explaining the delay in filing. In fact, it doesn't mention a delay of any sort (Dkt. No. 1). Defendant Andrew Saul, sued in his capacity as Commissioner of Social Security, now moves to dismiss the complaint as untimely. Plaintiff has not filed an opposition.

**ANALYSIS**

Defendant's motion to dismiss argues that plaintiff failed to timely file this complaint. Sections 405(g) and (h) of Title 42 of the United States Code govern judicial review of Social Security claims. The statute provides that civil actions seeking review must be "commenced within sixty days after the mailing to [claimant] of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). While the 60-day timeline "is not jurisdictional," it "constitutes a statute of limitations." *Bowen v. New York*, 476 U.S. 467, 469 (1986). Counsel's receipt on August 16 meant the due date to file an action was October 15. Plaintiff filed on October 25, thus making his complaint untimely.

While 60 days remains the applicable statute of limitations, courts may extend the period under the doctrine of equitable tolling if "the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Id*. at 480 (citation and

2

quotation marks omitted). Our court of appeals has held that equitable tolling "is a very high bar, and is reserved for rare cases." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014). The doctrine only applies "in two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Seattle Audubon Soc'y v. Robertson*, 931 F.2d 590, 595 (9th Cir. 1991).

Nothing in the record indicates any wrongful conduct by the SSA. Thus, if equitable tolling applies, it applies because extraordinary circumstances made it impossible for plaintiff or his counsel to file a claim or request a deadline within the 60-day period. This question is "highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000). Plaintiff, however, has provided little in the way of facts.

Plaintiff's complaint contains no discussion of the circumstances that led to the late filing. It does not even mention that plaintiff missed the SSA's initial deadline or that it neglected to ask for an extension until nine days after deadline had passed (Dkt. No. 1). Counsel then submitted a copy of the letter to the SSA, requesting an extension. This one-page letter, submitted without any explanation, mentioned only that "[t]he legal assistant charged with the responsibility to calendar all due dates had left our employ" on August 15, one day before it had received the Appeals Council decision and 61 days before the filing deadline. Thus, "the calendaring was not noted, and the person who assumed this responsibility was not aware of the Appeals Counc[i]l decision" (Dkt. No. 2). In other words, the letter requesting an extension attributed the tardiness to a clerical error in counsel's office.

Our court of appeals has held that counsel's "negligence in general do[es] not constitute extraordinary circumstances sufficient to warrant equitable tolling." *Frye v. Hickman*, 273 F.3d 1144, 1145 (9th Cir. 2001). This does not categorically render equitable estoppel inapplicable in all cases of clerical error. For a small office, a shift in personnel combined with illness could be extraordinary. Here, however, plaintiff has not demonstrated extraordinary circumstances. Apart from these two sentences in the letter to the SSA, plaintiff has made no attempt to justify

3

the delay. The record bears no discussion of the size of counsel's office, the procedure for calendaring due dates, or why it took more than 60 days for the office to recognize the oversight. The complaint remains silent on this matter, and indeed, plaintiff has not submitted anything to oppose defendant's motion to dismiss. Thus, there is little basis to conclude that plaintiff or his counsel faced extraordinary circumstances.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is **GRANTED**.

This motion is based on the operative complaint. Plaintiff is invited to move for leave to amend his complaint by **APRIL 14, 2020, AT NOON**. Plaintiff must plead his best case. His motion should affirmatively demonstrate how the proposed amended complaint corrects the deficiencies identified in this order, as well as any other deficiencies raised in defendant's motion but not addressed herein. The motion should be accompanied by a redlined copy of the amended complaint.

**IT IS SO ORDERED.**

Dated: March 31, 2020

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4